**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Divine Tower International          :
Corporation, et al.,
                                    :    Case Nos.    2:04-cv-494
          Plaintiffs,                                 2:04-cv-584
                                    :
     vs.
                                    :    JUDGE GRAHAM
Kegler, Brown, Hill &
Ritter Co., L.P.A., et al.,         :

          Defendants.               :


OPINION AND ORDER

     Plaintiff Divine Tower brings this action against the law
firm Kegler, Brown Hill & Ritter Co., L.P.A. and four individual
attorneys, Charles Kegler, Todd Kegler, John Thomas, and Michael
Zatezalo, employed by the Kegler Firm.  In 1999, Divine Tower
retained the Kegler Firm to assist it in obtaining financing for
the company.  Divine Tower alleges that the Kegler Attorneys, in
violation of their obligations to the company, provided legal
assistance to certain members of the Divine Family, who controlled
Divine Tower and executed a scheme to defraud the company.  The
complaint asserts numerous causes of action against the Kegler Firm
and the Kegler Attorneys, including malpractice, fraud, civil
conspiracy, and civil aiding and abetting.

     In a previous ruling on a motion for summary judgment, the
Court held that under a 2005 Settlement Agreement, Divine Tower
released its claims against the Divine Family and their attorneys
for their alleged conduct in defrauding the company.  Therefore,
the Court granted summary judgment in favor of Defendants on those

claims that arose out of the Kegler Attorneys' alleged actions in representing the Divine Family.  The Court denied summary judgment on those claims that arose out of the Kegler Attorneys' representation of Divine Tower, the company, and not of the Divine Family.  Further, the Court held that the Settlement Agreement specifically excluded the Kegler Firm from the release provision.

After the Court's ruling, the Kegler Attorneys filed a counterclaim against Divine Tower for breach of the Settlement Agreement.  The Kegler Attorneys allege that Divine Tower breached the Settlement Agreement's covenants not to sue by bringing certain claims that this Court held were released by the Agreement.

This matter is before the Court on Divine Tower's motion to dismiss the Kegler Attorneys' counterclaim.  When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008).  A motion to dismiss under Rule 12(b)(6) will be granted only if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief.  Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978).  Under Rule 8(a), "[s]pecific facts are not necessary; the statement need only 'give

2

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S.Ct. at 2200 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Because a motion under Rule 12(b)(6) is directed solely at the complaint itself, the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. Scheuer, 416 U.S. at 236; Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007) (Rule 8 "does not impose a probability requirement at the pleading stage").

Despite this liberal pleading standard, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). Though the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Bell Atlantic, 127 S.Ct. at 1964-65; Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Bell Atlantic, 127 S.Ct. at 1965 n.3.

Labels, conclusions, and formulaic recitations of the elements of a cause of action "will not do." <u>Id</u>. at 1965. "Accordingly, a complaint 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" <u>Ferron v. Zoomego, Inc.</u>, No. 07-4007, 2008 WL 1988587, at *2 (6th Cir. May 7, 2008) (<u>Lewis v. ACB Business Serv., Inc.</u>, 135 F.3d 389, 406 (6th Cir. 1998)).

Divine Tower argues that the Kegler Attorneys lack standing to sue for breach of contract because they were neither parties to the Settlement Agreement nor intended third-party beneficiaries. It is undisputed that the Kegler Attorneys were not parties to the Settlement Agreement. The Agreement was entered into between Divine Tower and the Divine Family, and it resolved separate litigation in this Court between Divine Tower and the Divine Family. <u>See</u> <u>Divine Tower International Corp, et al. v. Robert Divine, et al.</u>, Case No. 2:04-cv-162 (S.D. Ohio, Marbley, J.).

In Ohio, a non-party may not assert contract rights unless it is a third-party beneficiary under the contract or such standing is conferred by statute. <u>Thornton v. Windsor House, Inc.</u>, 57 Ohio St.3d 158, 161, 566 N.E.2d 1220, 1223 (Ohio 1991). "A third-party beneficiary is one for whose benefit a promise has been made in a contract but who is not a party to the contract." <u>Perrysburg v. Toledo Edison Co.</u>, 171 Ohio App.3d 174, 181, 870 N.E.2d 189, 194 (Ohio Ct. App. 2007). The "promisee must intend that a third party

4

benefit from the contract in order for that third party to have enforceable rights under the contract." <u>Laverick v. Children's Hosp. Med. Ctr. of Akron</u>, 43 Ohio App.3d 201, 204, 540 N.E.2d 305, 309 (Ohio Ct. App. 1988). "The third party need not be named in the contract, as long as he is contemplated by the parties to the contract and sufficiently identified." <u>Chitlik v. Allstate Ins. Co.</u>, 34 Ohio App.2d 193, 196, 299 N.E.2d 295, 297 (Ohio Ct. App. 1973).

In determining when a third party is an intended beneficiary, as opposed to an incidental beneficiary, the Ohio Supreme Court has referred to the Restatement of the Law of Contracts. <u>Hill v. Sonitrol of Southwestern Ohio, Inc.</u>, 36 Ohio St.3d 36, 40, 521 N.E.2d 780, 784 (Ohio 1988). "[A] beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." <u>Id</u>. (quoting Restatement of the Law 2d, Contracts, § 302 (1981). <u>See also</u> <u>Norfolk & Western Co. v. United States</u>, 641 F.2d 1201, 1208 (6th Cir. 1980).

In support of its motion to dismiss, Divine Tower attaches several declarations from attorneys involved in negotiating the Settlement Agreement, as well as a declaration from one of the members of the Divine Family. These declarations purport to

demonstrate the intent of the parties when they entered into the Settlement Agreement. Such extrinsic evidence may not be considered on a motion to dismiss. "Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." <u>Weiner v. Klais and Co., Inc.</u>, 108 F.3d 86, 88 (6th Cir. 1997).

The Settlement Agreement is both quoted in and attached to the counterclaim. It is to the allegations in the counterclaim and the language of the Agreement that the Court will look in deciding the motion to dismiss. The release provision of the Agreement states that Divine Tower "releases, acquits, forever discharges, and covenants not to sue the Divine Family (collectively and individually) . . . and all of their respective agents . . . [and] **attorneys** . . . from any and all causes of action, charges, attorneys' fees, costs, claims, demands, damages, losses, expenses, liabilities, obligations, and actions whatsoever . . . ." Settlement Agr., ¶ 5 (emphasis added).

The Court finds that the counterclaim sufficiently alleges that the Kegler Attorneys were intended beneficiaries of the Settlement Agreement. The plain language of the Agreement identifies the Divine Family's attorneys as persons that Divine Tower promised not to sue. The counterclaim alleges that the Kegler Attorneys served as the Divine Family's attorneys. Thus, on the face of the counterclaim and the language of the Settlement

6

Agreement attached thereto, it appears that the contracting parties intended to give the Kegler Attorneys, as attorneys for the Divine Family, the benefit of Divine Tower's promise not to sue.

Divine Tower next argues that the only remedy for breach available under the Settlement Agreement is specific performance. This argument is based on a misreading of the Agreement, which states that in the event of a default, "the non-defaulting party **has the option** to enforce the Agreement through specific performance." Settlement Agr., ¶ 21 (emphasis added). Contrary to Divine Tower's argument, nothing in the Settlement Agreement precludes the Kegler Attorneys from pursuing a cause of action for breach of contract. In Ohio, where there is a breach of a covenant not to sue, an available remedy is actual damages, which are measured by the attorney fees and costs incurred in defending the lawsuit. See Complete General Constr. Co. v. Koker Drilling Co., No. 02AP-63, 2002 WL 31031614, at *2 (Ohio Ct. App. Sept. 12, 2002); Shanker v. Columbus Warehouse Ltd. P'ship, No. 99AP-772, 2000 WL 726786, at *4 (Ohio Ct. App. June 6, 2000); see also Anchor Motor Freight, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local Union No. 377, 700 F.2d 1067, 1072 (6th Cir. 1983).

The second half of Divine Tower's motion to dismiss is styled as an alternative motion for reconsideration of the Court's September 4, 2007 order holding that the Settlement Agreement

7

released certain of Divine Tower's claims against Defendants. "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." Rodriquez v. Tennessee Laborers Health & Welfare Fund, 89 Fed. Appx. 949, 959, 2004 WL 237651, at *8 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id.

Divine Tower argues that it has new evidence, which is the tenth page of the Settlement Agreement. When Defendants filed their motion for summary judgment, the tenth page was omitted from the attached copy of the Settlement Agreement. However, the motion for reconsideration must be denied because the tenth page of the Settlement Agreement is not new evidence. Evidence is not newly discovered for purposes of motion for reconsideration if it was available to the party before the court issued the decision being challenged. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999); Nguyen v. City of Cleveland, No. 1:99-cv-2990, 2006 WL 3324924, at *3 (N.D. Ohio Nov. 14, 2006). Divine Tower could have filed the tenth page of the Agreement when it submitted

its opposition to the motion for summary judgment, but it did not.[1]

Divine Tower also points to the declarations of certain attorneys involved in negotiating the Settlement Agreement as new evidence that the Court's interpretation of the Agreement was incorrect. Again, however, such evidence is not newly discovered because Divine Tower could have submitted the declarations when it submitted its opposition to the motion for summary judgment.

Accordingly, Divine Tower's motion to dismiss and motion for reconsideration (doc. 99) are DENIED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: September 24, 2008

---

[1] Moreover, Divine Tower does not explain how consideration of the tenth page of the Settlement Agreement would change the Court's interpretation of the Agreement's release provision.

9